**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 04-40043-01-GPM ) |
| MICHAEL L. ALDEN, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On August 4, 2008, Defendant filed a "motion of ineffective assistance of counsel" (*see* Doc. 1465). In the motion, Defendant raises issue relating to his criminal conviction.

The Court notes that the United States Court of Appeals for the Seventh Circuit affirmed this Court's judgment in an opinion issued on May 30, 2008. The certified copy of the mandate issued on June 24, 2008; it was docketed by the Clerk of Court on June 30, 2008 (*see* Doc. 1455).

The words of the instant motion suggest that Defendant is not aware (at least at the time he prepared the motion) that the Court of Appeals had decided his case. Nonetheless, the Court notes that the instant postconviction motion is worded much like a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, and the Court is mindful of *Carter v. United States*, 312 F.3d 832 (7th Cir. 2002), which directs a district court to notify a movant if it intends to treat a motion as a section 2255 motion and give him a chance to withdraw the motion.

Accordingly, the Court hereby **NOTIFIES** Defendant, Michael Alden, that it intends to treat the instant motion as one brought pursuant to 28 U.S.C. § 2255. Defendant may, on or before

**October 15, 2008**, notify the Court in writing that he intends to withdraw the motion. If Defendant fails to notify the Court that he withdraws the instant motion on or before that date, the Court will treat the motion as a Section 2255 motion.

Defendant should not make this decision lightly, as has "only one shot at postconviction review," *see Carter*, 312 F.3d at 833, within one year after the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Finally, the Clerk of Court is **DIRECTED** to mail a copy of the Mandate (Doc. 1455) to Defendant Michael L. Alden (Inmate # 06327-025, FCI Greenville, Federal Correctional Institution, P.O. Box. 5000, Greenville, IL 62246), along with a copy of this Memorandum and Order.

**IT IS SO ORDERED.**

DATED: 09/04/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge